IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CATHERINE HEROMAN,** | * | |
| **3904 Blecker** | * | |
| **Baton Rouge, Louisiana 70809** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **TEACHING STRATEGIES, LLC,** | * | |
| **4500 East West Highway #300** | * | |
| **Bethesda, Maryland 20814** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| <u>**Serve on**</u>: | * | |
| **Registered Agent** | * | |
| **(The Corporate Trust Incorporated** | * | |
| **351 West Camden Street** | * | |
| **Baltimore, Maryland 21201)** | * | |
| | * | |
| | ******* | |

## COMPLAINT

Plaintiff Catherine Heroman ("Heroman" or "Plaintiff"), by her undersigned counsel, for her Complaint against Defendant Teaching Strategies, LLC ("TS"), alleges as follows:

## PARTIES

1. Plaintiff is an individual citizen and resident of the state of Louisiana, with an address of 3904 Blecker Drive, Baton Rouge, Louisiana 70809.

2. Defendant is a Delaware limited liability company with its principal place of business located at 4500 East-West Highway, Suite 300, Bethesda, Maryland 20814. TS is the successor in interest to Teaching Strategies, Inc., which was founded in 1988 as a District of Columbia corporation and, on information and belief, was incorporated as a Delaware corporation in 2017, and then converted and/or merged into TS on the same day. On information

and belief, no member of TS is a citizen of Louisiana. As used in this Complaint, TS refers to Teaching Strategies, LLC and its corporate predecessors. TS markets products related to early childhood teaching, assessment, reporting, professional development, and family engagement.

## JURISDICTION AND VENUE

3. This is an action for breach of contract based upon the failure to pay royalties mandated by a written contract between Heroman and TS.

4. Jurisdiction is proper in this court over all claims pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and damages exceed $75,000.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because it is the judicial district in which the Defendant resides, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions occurred in this district.

## FACTS

### Heroman's Agreement and Royalty Agreement with TS

6. Plaintiff Heroman is an early childhood consultant and author with 40 years of experience as a teacher, administrator of early childhood programs, trainer, corporate executive and author. TS employed Heroman beginning in December 1998. During her employment, Heroman authored several works, described in greater detail below.

7. On or about February 20, 2008, TS entered into a written Agreement with Heroman ("the Agreement") in which Heroman agreed to author or co-author and TS agreed to publish curriculum materials regarding early childhood education and development. The Agreement sets out provisions as to authorship, Stay Bonus, and references that upon Heroman's retirement, she would be eligible for royalty payments on the works pursuant to a royalty agreement in substantially the form of the Royalty Agreement attached thereto. A copy of the

Agreement is attached as **Exhibit 1.** In December 2011, the Stay Bonus Plan in the Agreement was terminated upon a triggering event, namely the sale of the company. At that time, the form Royalty Agreement attached to that agreement as Exhibit C was deleted and new Royalty Agreement inserted.

8. On December 22, 2011, TS and Heroman entered into a Royalty Agreement which provided that after the earlier of her retirement date or a change in control, she would begin to accrue royalties "on the Works as more particularly set forth herein." Section 2(G), entitled Duration of Payments, states that Heroman's right to royalties "shall continue until the first to occur of (y) fifty (50) years, or (z), if Heroman predeceases her children, the death of the last of the Author's children, if any.…" A copy of the Royalty Agreement is attached hereto as **Exhibit 2**.

### The System

9. The Royalty Agreement included an Exhibit A (attached hereto as **Exhibit 3**) which specifies the works and the applicable percentage rate. Listed as Item 7 in Exhibit A is *The Creative Curriculum® System for Preschool(English only, Spanish only, Bilingual)* ("the System") for which Heroman was to be paid royalties at a rate of 1.2%. The System includes certain base volumes for teachers and certain daily resources for use in the classroom. *See* **Exhibit 4**.

10. Pursuant to and in accordance with the Royalty Agreement, TS began paying Heroman royalties in 2012 on works that she authored, including the System. TS paid her royalties in 2013, 2014 and 2015 and paid her royalties on the System at the time of the sale of the company and every year thereafter until the alleged 6th Edition was released.

**The "6th Edition" and Termination of Heroman's Royalty Payments**

11. Prior to 2016, the Creative Curriculum® for Preschool, 5th Edition (Item 6 of Exhibit A, when sold separately) consisted of five foundational volumes, which were a component of the System, Item 7. In 2016, TS updated the foundational volumes and renamed the entire System (Item 7) to be *The Creative Curriculum® for Preschool, 6th Edition* ("6th Edition"), when in fact there had not been five prior editions of the System. TS did not pay Heroman a royalty on sales of the 6th Edition, which she discovered in early 2017 when TS sent her a royalty statement with a greatly reduced royalty payment. TS has contended that the entire System is now the 6th Edition and that it is not required to pay royalties on sales of the 6th Edition.

12. In fact, the 6th Edition contains only nominal revisions to the System. TS made no substantial changes to the first three volumes of the foundational books. Another volume, the Objectives for Development in Learning, made very few changes to the content for the birth through kindergarten and merely extended the developmental progressions to include first through third grade. TS added to the System a sixth book entitled "Science and Technology, Social Studies and Arts" that Heroman did not create.

14. The 6th Edition contained no substantial changes to other components to the System, namely, the Six Teaching Guides, 100 Mighty Minutes, 201 Intentional Teaching Cards, 22 Book Discussion Cards, The Children's Book Collection (142 books and 8 big books), the EBook Collection (30 Ebooks), and Resource Organizer. In sum, the base components of the System that TS has marketed and sold since 2016 as the 6th Edition are almost identical to System as it was launched in 2011.

15. TS continued to sell the 6th Edition in 2017. In early 2018, TS sent Heroman a royalty statement and check that paid her no royalties for its 2017 sales of the 6th Edition.

16. TS continued to sell the 6th Edition in 2018. In early 2019, TS sent Heroman a royalty statement and check that paid her no royalties for its 2018 sales of the 6th Edition.

17. Exhibit A to the Royalty Agreement explicitly does not limited royalties for the System to any particular edition. Rather, Exhibit A references *"The Creative Curriculum® for Preschool (English only, Spanish only, Bilingual)*," without any mention of an edition. For other works listed in Exhibit A, TS did limit royalties to a specific edition or how it was to be sold.

19. TS continued selling the 6th Edition between 2016- 2018. Because the publication is one of "the Works as more particularly set forth herein" in the Royalty Agreement, TS owes Heroman a royalty on these sales.

### The "Deluxe Edition"

20. During the period from 2016 through 2018, TS also has sold *The Creative Curriculum® for Preschool, Deluxe Edition* ("Deluxe Edition"). The Deluxe Edition is the System, as identified in the Royalty Agreement, bundled with some additional items and sold as a different work. *See* **Exhibit 4**. TS has refused to pay Heroman royalties for any portion of the sales of the Deluxe Edition.

### Sales of the System and Deluxe Edition

21. Notwithstanding the minor revisions in the 6th Edition and the bundling in the Deluxe Edition, TS has continued to sell the System as defined in Exhibit A of the Royalty Agreement (**Exhibit 2**) and has breached the Royalty Agreement by not paying Heroman royalties for continued sales of the System.

22. On information and belief, TS derived substantial revenues in 2016, 2017 and 2018 from sales of the various versions of the 6th Edition. The base System sells for $2,199 and the price increases for the Spanish, Bilingual and Deluxe Editions.

22. Heroman should have received substantial royalties for 2016, 2017 and 2018. Despite Heroman's demand for payment, TS has refused to pay Heroman any of these royalties.

24. TS has breached the Royalty Agreement by failing to pay royalties due and owing for sales of the 6th Edition and the Deluxe Edition.

### COUNT I – BREACH OF CONTRACT

25. Heroman and TS entered into a Royalty Agreement obligating TS to pay royalties to her on works sold, including the System.

26. TS sold the 6th Edition in years 2016, 2017, 2018 and has declined to pay Heroman royalties. Upon her receiving the royalty statement for 2016 in 2017, Heroman learned of the breach of contract by TS in failing to pay royalties on the 6th Edition. The 6th Edition is the System as defined in Exhibit A of the Royalty Agreement and TS breached its obligation by failing to pay her royalties for sales in 2016, 2017 and 2018.

27. Heroman fulfilled all conditions precedent to receive the royalties which TS has failed to pay.

28. Heroman is entitled to recover damages caused by TS's failure to perform pursuant to the terms of the Royalty Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Catherine Heroman respectfully requests that this Court enter judgment against the Defendant Teaching Strategies, LLC, granting Plaintiff the following relief:

1.  Find that TS has breached the Royalty Agreement by renaming the System as the Creative Curriculum® for Preschool, 6th Edition, selling the 6th Edition, and failing to pay the royalties owed to Heroman;

2.  Award Heroman all damages caused by the failure to perform, including all royalties due and owing pursuant to the Royalty Agreement;

3.  Award all interest and costs and costs as permitted as a matter of law.

4.  Grant all of the relief, and law and equity as this Court may deem just and proper.

LERCH, EARLY & BREWER, CHARTERED

By: /s/ Stuart A. Berman
Stuart A. Berman (Bar. No. 08489)
7600 Wisconsin Avenue, Suite 700
Bethesda, Maryland 20814
(301) 657-07296 (phone)
(301) 347-1538 (facsimile)
saberman@lerchearly.com

Attorneys for Plaintiff

Dated: July 17, 2019